Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000067
02-MAY-2013
09:51 AM

NO. CAAP-13-0000067

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RONALD E. EVANS, Claimant-Appellant,
v.
STR PAINTING, INC., Employer-Appellee,
and
FIREMAN'S FUND INSURANCE, Insurance Carrier-Appellee

APPEAL FROM LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2012-345 (2-89-01434))

ORDER GRANTING FEBRUARY 11, 2013 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Employer/Appellee/Appellee

STR Painting, Inc. (Appellee STR Painting), and Insurance

Carrier/Appellee/Appellee Fireman's Fund Insurance Company's

(Appellee Fireman's Fund Insurance Company) February 11, 2013

motion to dismiss appellate court case number CAAP-13-0000067 for

lack of jurisdiction (motion to dismiss), (2) Claimant/Appellant/

Appellant Ronald E. Evans's (Appellant Evans) April 15, 2013 memoranda in opposition to Appellees STR Painting and Appellee Fireman's Fund Insurance Company's motion to dismiss, and (3) the record, it appears that we do not have jurisdiction over Appellant Evans's appeal from the State of Hawai'i Labor and Industrial Relations Appeals Board's (the LIRAB)[1] December 28, 2012 decision and order dismissing Appellant Evans's appeal.

Pursuant to Hawaii Revised Statutes (HRS) § 386-88 (Supp. 2012) and HRS § 91-14(a) (1993 & Supp. 2012), an aggrieved party may appeal a decision or order by the LIRAB directly to the intermediate court of appeals.

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). The Supreme Court of Hawai'i has "held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). "[A] workers' compensation case . . . is an ongoing proceeding[;] . . . an

---

[1]     The State of Hawai'i Labor and Industrial Relations Appeals Board was composed of Chairman Roland Q. F. Thom, Member Melanie S. Matsui, and Member David A. Pendleton.

inherent and unique characteristic of a workers' compensation case is its piecemeal nature." Id. at 169, 86 P.3d at 978 (citation omitted; brackets and ellipsis points in original). The LIRAB's December 28, 2012 decision and order finally ended the proceedings by dismissing Appellant Evans's appeal, leaving nothing further to be accomplished. Therefore, the LIRAB's December 28, 2012 decision and order is "a final decision and order in a contested case" under HRS § 91-14(a) that is appealable directly to the intermediate court of appeals pursuant to HRS § 386-88.

The LIRAB additionally entered a January 2, 2013 decision and order dismissing Appellant Evans's appeal. It appears that the LIRAB's entry of the January 2, 2013 decision and order was an administrative error. More importantly, however, under analogous circumstances involving a judgment and an amended judgment, the Supreme Court of Hawaiʻi explained the following general rule:

> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawaiʻi Labor Relations Board, 98 Hawaiʻi 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); State v. Mainaaupo, 117 Hawaiʻi 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008). Furthermore,

> [i]f the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes

> changes in the prior judgment which have no adverse effect
> upon those rights or obligations or the parties' right to
> appeal, the entry of the amended judgment will not postpone
> the time within which an appeal must be taken from the
> original decree.

Poe v. Hawai'i Labor Relations Board, 98 Hawai'i at 418, 49 P.3d

at 384 (citations, internal quotation marks, and original

brackets omitted; emphasis added). The January 2, 2013 decision

and order did not amend the December 28, 2012 decision and order

in a material and substantial respect, because the January 2,

2013 decision and order merely repeated the same adjudication

that the LIRAB had already expressed in the December 28, 2012

decision and order, namely that the LIRAB dismissed Appellant

Evans's appeal as untimely. Therefore, the mailing of the

December 28, 2012 decision and order triggered the thirty-day

time period under HRS § 386-88 for filing a notice of appeal, and

the mailing of the January 2, 2013 decision and order did not

postpone the time within which an appeal could be taken.

HRS § 386-88 required Appellant Evans to file his

notice of appeal within thirty days after the December 28, 2012

mailing of the December 28, 2012 decision and order:

> The decision or order of the appellate board shall be final
> and conclusive, except as provided in section 386-89, unless
> within thirty days after mailing of a certified copy of the
> decision or order, the director or any other party appeals
> to the intermediate appellate court, subject to chapter 602,
> by filing a written notice of appeal with the appellate
> board.

HRS § 386-88 (Supp. 2012) (quoted in part; emphases added).

Although court procedural rules, such as Rule 6(e) of the Hawai'i

Rules of Civil Procedure and Rule 26(c) of the Hawai'i Rules of

Appellate Procedure, add two additional days to a prescribed time

period whenever the time period is measured from service by mail,

the instant case took place before the LIRAB instead of a court, and the governing procedural rules for LIRAB matters, HAR § 12-47-51 (2012) and HAR § 12-47-18 (2012), do not add two additional days for service by mail. Appellant Evans did not file his January 29, 2013 notice of appeal within thirty days after the December 28, 2012 mailing of the LIRAB's December 28, 2012 decision and order, as HRS § 386-88 required. Therefore, Appellant Evans's appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). Therefore,

IT IS HEREBY ORDERED that Appellees STR Painting and Appellee Fireman's Fund Insurance Company's February 11, 2013 motion to dismiss appellate court case number CAAP-13-0000067 for lack of jurisdiction is granted, and appellate court case number CAAP-13-0000067 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 2, 2013.

Chief Judge

Associate Judge

Associate Judge